UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PEDRO RAMOS,

    Plaintiff,

vs.                                    Case No.  2:05-cv-418-FtM-29DNF

SGT. BETH ANN HANSEN, MS. LAPARENTA,
SHERIFF DON HUNTER,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of Defendant Hunter's Motion to Dismiss (Doc. #24).  Plaintiff did not file a Response.[1]  This matter is ripe for review.

**I.**

Plaintiff, who is proceeding *pro se*, filed a civil rights Complaint form (Doc. #1) pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights while he was in custody at the Collier County Jail.[2]  Complaint at 8 (Sept. 2,

---

[1]On August 24, 2006, the Court directed the U.S. Marshal's Office to complete service of process upon the Defendants.  (Doc. #17.)  In this Order, Plaintiff was advised that he had twenty (20) days to file a response to a motion to dismiss.  Id. at 5.  The Court again directed Plaintiff to file a response to the motion on October 3, 2006.  As of the date of this Order, Plaintiff has failed to file a response to the Defendant's Motion to Dismiss.

[2]According to the Department of Corrections website, Plaintiff was released from the custody of the Collier County Jail on May 1,
(continued...)

2005). Plaintiff names Beth Ann Hansen (sergeant in charge of mail room), Ms. Laparenta (mailroom clerk), and Don Hunter (Collier County Sheriff) as the Defendants. Id. at 6-7.

The facts, which at this stage of the proceedings are assumed to be true are as follows. On March 22, 2005, Plaintiff received "privileged" mail from the U.S. Department of Justice in response to Plaintiff's Freedom of Information Act and/or Privacy Act (hereinafter "FOIA/PA") request. Id. at 9, Doc. #9 at 20 (exhibits). However, before Plaintiff received the package from the Department of Justice, Plaintiff alleges that someone in the mail room opened the package outside of Plaintiff's presence and removed certain documents. Id. Plaintiff avers that when he received the package he noticed that $4.90 in postage was stamped on the outside of the manilla envelope and the envelope he received seemed to weigh no more than two ounces. Id. Further the cover letter dated March 18, 2005, from the Department of Justice (hereinafter "DOJ") indicated that the DOJ mailed Plaintiff the following documents: (1) DOJ Freedom of Information Act Reference Guide; (2) Your Right to Federal Records; (3) the Certification of Identity; (4) United States DOJ Title 28, Code of Federal Regulations; and (5) List of DOJ Components, Functions and Records Maintained. Doc. #9 at 20. Out of the five documents listed

---

[2](...continued)
2007. Plaintiff has not notified the Court of his release, nor has he kept the Court apprised of his current mailing address.

above, Plaintiff claims the only document he received was titled "Your Right to Federal Records." Id. at 15.

Plaintiff wrote grievances to Sergeant Hansen, the person in charge of the mail room, grieving the issue that his "privileged" mail was opened outside of his presence and that the package was missing documents. Complaint at 9. Sergeant Hansen responded to the grievances, indicating that Plaintiff's mail was not opened and thus no documents should have been missing. Id. at 9-10, Doc. #9 at 3. As relief, Plaintiff requests that the Court "conduct a full investigation of the people who were involved" and damages totaling $50,000.00. Complaint at 11.

## II.

At the outset, the Court notes that service of process remains unexecuted as to Defendants Hansen and Laparenta.[3] See Docs. #26, #27. Plaintiff received notice that service of process was not executed on these Defendants, but Plaintiff has made no attempt to rectify the service of process issues. Pursuant to Fed. R. Civ. P. 4(m), a district court may dismiss an action *sua sponte* if service is not effectuated within 120 days after the filing of the

---

[3]The Court directed the U.S. Marshal to serve the Complaint on August 23, 2006. Doc. #17. On August 25, 2006, the U.S. Marshal's Office mailed waiver of personal service of process forms to the Defendants at the addresses provided by Plaintiff. On September 25, 2006, the forms for Defendants Hansen and Laparenta were returned with a note indicating that the Defendants were no longer at the Collier County Jail (the address provided by Plaintiff for service).

complaint. Even though Plaintiff is appearing *pro se,* "'[a] plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which the plaintiff has knowledge.'" Salas v. Tillman, 162 Fed. Appx. 918, 923 (11th Cir. 2006) (unpublished) (quoting Fowler v. Jones, 899 F.2d 1088, 1095). The Court is also responsible for seeing that its limited resources are allocated in a way that promotes the effective and efficient administration of the judicial system. Consequently, Defendants Hansen and Laparenta are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

**III.**

Defendant Hunter filed a Motion to Dismiss contending that the Complaint fails to state a claim upon which relief can be granted. Defendant Hunter argues that the Complaint is devoid of any facts indicating that he personally participated in the incident and fails to allege any facts supporting a causal connection between Defendant Hunter and the incident giving rise to the Complaint. Mot. to Dismiss at 2, 3.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). To satisfy the pleading requirements of

Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 1968-69 (2007) (citations omitted) (abrogating Conley v. Gibson, 355 U.S. 41 (1957) and stating that Conley did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes "heightened pleading requirements." Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise applicable. The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir.

1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

**IV.**

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd by, Zinermon v. Burch, 494 U.S. 113 (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

Interference with an inmate's legal mail implicates an inmate's right of access to courts and free speech as guaranteed by the First and Fourteenth Amendments. Pocunier v. Martinez, 416 U.S. 396, 417 (1974), over ruled in part Thronburgh v. Abbot, 490 U.S. 401, 411-414 (1989) (limiting the holding in Martinez to outgoing prisoner mail). Here, Plaintiff alleges that the mail in question was "privileged". Without determining whether Plaintiff's incoming mail from the DOJ in response to Plaintiff's FOIA/PA

request constitutes "legal mail," the Court finds that the Complaint fails to state a claim for relief as to Defendant Hunter.

The only statement of facts pertaining to Defendant Hunter in the Complaint is "Don Hunter is the Sheriff of Collier County and therefore responsible for what happened at the Naples Jail Center." Complaint at 10. There are no facts indicating that Defendant Hunter personally participated in any alleged constitutional violation or that Defendant Hunter was casually connected to the alleged incident. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) cert. denied, 500 U.S. 933 (1990); Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995). Instead, it appears that Plaintiff predicates liability on Defendant Hunter due to Defendant Hunter's position as the Sheriff of Collier County. Defendant Hunter cannot be held responsible for the alleged unconstitutional acts of his subordinates on the basis of *respondeat superior* or vicarious liability in this § 1983 action. Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citations omitted); see also Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164 (1994). An affirmative causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Brown, 906 F.2d at 671, or that a policy or custom was the "moving force" behind the alleged misconduct. Board of County Comm'rs v. Brown, 117 S.

Ct. 1382, 1388 (1997).  See also Jones v. Cannon, 174 F.3d 1271, 1292 (11th Cir. 1999); Tennant v. Florida, 111 F. Supp. 2d 1326 (S.D. Fla. 2000). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."  Brown, 906 F.2d at 671.  The Amended Complaint is entirely devoid of any facts supporting a causal connection.

ACCORDINGLY, it is hereby

**ORDERED**:

1.  Defendant Hunter's Motion to Dismiss (Doc. #24) is **GRANTED**.  The Complaint is **dismissed without prejudice**.

2.  Defendants Hansen and Laparenta are **dismissed** pursuant to Fed. R. Civ. P. 4(m).

3.  The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   25th   day of June, 2007.

                                            _____
                                            JOHN E. STEELE
                                            United States District Judge

SA: alj
Copies: All Parties of Record